IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      CR NO.: 23-694KG

MANISH ANTHONY QUINNIE, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Revocation of Magistrate's Detention Order Pursuant to 18 U.S.C. Section 3145(b) (Appeal to District Court) (Doc. 23), filed June 16, 2023. A hearing on this appeal was not requested and, based on a review of the record, this Court determines a hearing is not necessary.

This Court has reviewed the Indictment (Doc. 3), the Order of Detention Pending Trial (Doc. 14), Minutes of hearing on June 2, 2023 (Doc 13), and the Pretrial Services Report (Doc. 11), and has listened to the audio recording of the detention hearing held before the Magistrate Judge on June 2, 2023. Having considered the foregoing, and for the following reasons, the Court affirms the Order of the Magistrate Judge and orders the defendant be detained pending trial.

*I. Standard of Review and Applicable Law*

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the

1

person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615).

The Magistrate Judge made specific findings of concern. Specifically, the Magistrate Judge found the weight of the evidence to be very strong, noting the allegations that Defendant sold one-half pound of methamphetamine to an undercover agent and on another occasion sold two pounds of methamphetamine to an undercover agent and that Defendant possessed a firearm at the time of his arrest. The Magistrate Judge also noted Defendant's history of substance abuse and compromised health condition likely would prevent compliance with conditions of release. He also noted Defendant's multiple failures to appear and a prior felony conviction for evading arrest.

Based on the foregoing, the Magistrate Judge determined Defendant to be both a danger to the community and a risk of flight and that no condition or combination of conditions would assure the safety of the public or his appearance. (Doc. 14).

## II. Findings and Analysis

The Court first notes the charges in the indictment against Defendant implicate a rebuttable presumption that Defendant is both a risk of flight and a danger to the public. When a crime of violence or drug trafficking offense is charged, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community…." 18 U.S.C. § 3142(e)(2). Here, Defendant is charged with a drug trafficking offense, the maximum sentence for which is 20 years imprisonment.

Defense counsel argues that except for Defendant's failures to appear, he has a history of compliance when he is under conditions of the court. She also argues he can be adequately supervised by his sister, who is his caregiver; that he has the support of his family, members of which attended the initial detention hearing; and that while Defendant's health had deteriorated, if released to his family he would improve.

The Court notes the evidence as proffered by the United States at the detention hearing include that Defendant is alleged to have twice sold ½-pound and 2-pound quantities of methamphetamine to an undercover agent. The Defendant is alleged to have attempted to recruit the undercover agent for his own illicit business, as well as offered to sell the undercover agent blue pills, which were understood to be fentanyl. Both drug transactions are evidenced in video recordings. The Court also notes Defendant was in possession of a firearm at the time of his arrest. This Court also notes Defendant's history, including criminal history negatively marked by at least two failures to appear as well as a more recent felony conviction for evading arrest.

While the Court notes Defendant's sister and family members stand ready to accept him home and supervise him, the Court does not find it sufficient to rebut the presumption of flight and dangerousness.

Moreover, the Court considers the following factors set forth in Section 3142(g):

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including—

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*III. Conclusion*

Having considered the record de novo, noting the presumption of flight risk and dangerousness have not been rebutted, and having considered the foregoing factors under Section 3142(g), the Court agrees with the Magistrate Judge's conclusion by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that Defendant is a flight risk. The Court also agrees that no condition or combination of conditions will assure his appearance as required or the safety of the public.

IT ORDERED that

1. the Order of the Magistrate Judge (Doc. 14) detaining Defendant is affirmed; and
2. Defendant shall remain in the custody of the United States Marshal pending trial.

UNITED STATES DISTRICT JUDGE